## REPUBLICAN NATIONAL COMMITTEE ET AL. *v.* BURTON ET AL.

No. A–768 (81–1641).   Decided March 11, 1982

JUSTICE REHNQUIST, Circuit Justice.

Applicants ask that I stay, pending their appeal therefrom, the judgment of the Supreme Court of California entered on January 28, 1982, in mandate proceeding S. F. No. 24354. That proceeding concerns certain redistricting statutes enacted by the California Legislature in response to the 1980 decennial census which allotted California two additional congressional seats, the effect upon such statutes of a petition calling for their review in a statewide referendum, and the congressional districts to be used by the State in the interim. The California Supreme Court held that the referendum petition effectively suspended the operation of the redistricting statutes, but that the June 8, 1982, primary election nonetheless should be conducted in accordance with the district boundaries set forth in those statutes.   *Assembly of State of*

1301

*California* v. *Deukmejian*, 30 Cal. 3d 638, 639 P. 2d 939 (1982).

Applicants argue that the June election should be conducted according to district boundaries in effect prior to the 1980 census, with the two new seats to be filled by at-large elections. They contend that the California Supreme Court erred when it held that 2 U. S. C. § 2c, which requires that each Representative be elected from a separate district, superseded 2 U. S. C. § 2a(c)(2), which requires that newly allotted seats be filled by at-large elections if the State has not completed redistricting. Applicants assert that this holding merits review by this Court, and they present such arguments in a jurisdictional statement filed simultaneously with this application.

Even if the applicants are correct in their contention that the California Supreme Court wrongly interpreted the effect of § 2c—a question on which I express no opinion—I think it is highly unlikely that this Court will give plenary consideration to their appeal. In addition to construing provisions of the United States Code, the decision of the California Supreme Court recites several state-law reasons for its holding that the boundaries of the new redistricting scheme should be followed in the June election.* Thus, the judgment appears to be based on adequate and independent state grounds. Of course, this Court has no jurisdiction to review decisions based on adequate, nonfederal grounds. *Zacchini* v. *Scripps-Howard Broadcasting Co.*, 433 U. S. 562, 568 (1977); *Cramp* v. *Board of Public Instruction*, 368 U. S. 278, 281 (1961). Accordingly, the application for a stay of the judgment is denied, and the application for expedited oral argument is referred to the full Court.

---

*It does not appear that a contrary holding on the federal statutory question would alter the validity of the state grounds, for 2 U. S. C. § 2a(c)(2) by its terms applies only "[u]ntil a State is redistricted *in the manner provided by the law thereof.*" (Emphasis added.)